668 N.W.2d 891 (2003)
Donald BERTRAND, Plaintiff-Appellee,
v.
CITY OF MACKINAC ISLAND, Defendant-Appellant.
Docket No. 123677, COA No. 243923.
Supreme Court of Michigan.
September 19, 2003.
On order of the Court, the application for leave to appeal the March 25, 2003 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.
KELLY, J., would grant leave to appeal.
MARKMAN, J., dissents and states as follows:
I would grant defendant's request for leave to appeal to consider the following issues: (a) whether recreational cycling on the streets of Mackinac Island, an activity sought to be engaged in by plaintiff, a disabled person, constitutes either a "benefit[ ] of the services, programs, or activities of a public entity" under 42 USC 12132, or the "enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a ... public service" under M.C.L. § 37.1302(a); (b) whether instead it is merely the transportational use of the streets that constitutes a protected activity under these statutes, with recreational cycling constituting a "private" activity not subject to regulation under either statute; (c) the standards under 42 USC 12132 and M.C.L. § 37.1302(a) by which an activity is to be characterized either as a public or a private activity; (d) the extent to which the governing authority of Mackinac Island is entitled to deference in its determination that plaintiff's use of a motorized cycle on the streets of the island would "fundamentally alter [its] nature," 42 USC 12182(b)(2)(A)(ii), where the island, although having accommodated disabled persons in the utilization of its streets, has also for more than one hundred years, sought to preserve its unique nineteenthcentury ambiance by prohibiting the use of motorized vehicles on the island; and (e) the required extent of an alteration in the nature of a community before an accommodation is properly viewed as "fundamentally altering" the nature of the community.
TAYLOR, J., concurs in the statement of MARKMAN, J.